UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTY SENSAT, | § | |
| *Plaintiff*, | § | |
| v. | § | No. 4:21-CV-01223 |
| PRIME COMMUNICATIONS, LP and POLARIS-PC MANAGEMENT, LP, | § | |
| *Defendants*. | § | |

# **ORDER**

The Court held a discovery hearing on March 22, 2022 regarding Plaintiff's motion to compel production of documents. Pl.'s Mot., ECF No. 25; Defs.' Response, ECF No. 27. Plaintiff's motion is GRANTED IN PART and DENIED IN PART. The Court orders as follows:

1. RFP No. 7: Plaintiff's request is DENIED. Defendants shall supplement their response to clarify that, aside from documents protected by attorney-client privilege, all responsive documents have been produced.

2. RFP No. 8: Plaintiff's request is DENIED. Defendants shall supplement their response to clarify that, aside from documents

protected by attorney-client privilege, all responsive documents have been produced.

3. RFP No. 15: Plaintiff's request is DENIED. Defendants shall supplement their response to clarify that, aside from documents protected by attorney-client privilege, all responsive documents have been produced.

4. RFP No. 20: Plaintiff's request is DENIED. Defendants shall supplement their response to clarify that, aside from documents protected by attorney-client privilege, all responsive documents have been produced.

5. RFP No. 22: Plaintiff's request is GRANTED IN PART. Defendants shall provide information regarding any sexual or disability discrimination claims any employee assert between 2016 through 2021 for which Stuart Gaylor (President, Real Estate Department) was the ultimate decision maker. Defendants may redact individual social security numbers found in any responsive documents.

6. RFP No. 29: Plaintiff's request is GRANTED IN PART. Defendants shall provide federal tax returns for the two most recent years for which Defendants have tax returns prepared.

7. RFP No. 40: Plaintiff's request is GRANTED IN PART. To the extent that Defendants already possess responsive documents, Defendants shall provide resumes and CVs for all Plaintiff's managers or supervisors from 2017 through 2020. Defendants are not required to collect such documents for any individuals if such documents are not already on file.

8. RFP Nos. 41-44, 46, 47: Plaintiff's request is GRANTED IN PART. For each employee named in RFP Nos. 41-44, 46, and 47, Defendants shall produce documents that relate to any discrimination allegations any employee asserted against that person and how Defendants responded.

9. RFP No. 45: Plaintiff's request is GRANTED IN PART. To the extent that Megan Conway's documents are not protected under a claim of attorney-client privilege, Defendants shall produce documents that relate to any discrimination allegations any employee made against her and how Defendants responded.

10. RFP Nos. 50-76: Plaintiff's request is GRANTED IN PART. For the period of 2017 through 2020, Defendants shall produce any electronic media that discusses Plaintiff's performance or termination, as well as any discussion of Plaintiff's claims.

All relief not specifically granted is DENIED.

**It is so ORDERED.**

Signed on March 22, 2022, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**